## IN THE MATTER OF POWERS OF THE CABINET AS TO MATTERS WITHIN CONTROL OF THE PRIVY COUNCIL.

OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE CABINET.

When the appointment of an officer is by law to be made, or the act is to be done, by the King in Privy Council, the law is rendered inoperative by the Constitution thereafter promulgated, which deprived the Privy Council of this function.

DEPARTMENT OF THE JUDICIARY,
HONOLULU, October 1, 1891.

*His Excellency Samuel Parker,*
*H. H. M. Minister of Foreign Affairs.*

SIR: The communication of the Cabinet requesting the opinion of the Justices of the Supreme Court has had our consideration. You state the question as follows:

### Question.

According to Article 40 of the Constitution, the Privy Council of State have and exercise only such powers as are given to it by the Constitution.

Chapter XIII. of the Laws of 1878 provides that the Minister of the Interior, by the advice and consent of His Majesty in Privy Council, may contract for the furnishing of gas, etc.

Section 14 of Chapter XXIII. of the Laws of 1882 provides that the Auditor-General shall be appointed by the King in Privy Council on the nomination of the Minister of Finance, etc.

Section 17 of Chapter XLIV. of the Laws of 1882 provides that the Minister of the Interior, by and with the consent of the King in Privy Council, shall have the power to fix the limits for liquor licenses, and also that His Majesty in Council may

authorize the Minister of the Interior to grant licenses outside of the limits of Honolulu.

" All of these laws were passed previous to the promulgation of the Constitution, and have never since been repealed or amended, or the powers given directly to any one else. Does the Cabinet, as representing the Sovereign, exercise these powers which have been taken away from the Privy Council by Article 40 of the Constitution ? If not, can any one exercise these powers without further legislative enactment ?"

To the full understanding of the questions submitted, it is only necessary to add that by the Constitution the only pre-scribed functions of the Privy Council are those given it by Article 15, respecting the expenditure of public money in cer-tain emergencies ; by Article 27, respecting the granting of reprieves and pardons ; and by Article 28, respecting the calling of Extraordinary Sessions of the Legislature. By Article 40, the Privy Council may advise the King in all matters for the good of the State, wherein he may require its advice, subject to the limi-tations of its powers by the Constitution.

The various statutes referred to delegated to the Privy Coun-cil an advisory function, and without obtaining this the act could not be done. Where the statute says that an appoint-ment is to be made by the King in Privy Council, it means that in order to the validity of the appointment, the Privy Council must vote in favor of the appointment. The last statute referred to conferred even greater power upon the Privy Council ; for the terms and conditions, upon which the license might be granted to vend spirituous liquors outside certain limits, were to be such " as the Council should think proper."

These powers of the Privy Council were abrogated by the Constitution. The 79th Article of the Constitution prescribes " that all laws now in force in this Kingdom shall continue and remain in full effect, until altered or repealed by the Legislature, *such parts only excepted as are repugnant to this Constitution.*"

It may be argued that the function of the Privy Council being eradicated from the statute, the power still remains in the Sov-

ereign and Minister of the Interior to perform the act. But the answer to this is, that the Legislature has placed the power in the Minister and the King in Privy Council. It might not have been willing to grant the power to the Minister alone.

It does not seem to us that the joint function could be divided and one part fail, and the other part remain operative. It is not as if in some parts of the statute the Privy Council alone had something to do. The rest of the statute in such case would stand, if that part referring to the Privy Council should be cut out.

We are strengthened in this view by the interpretation put upon the situation by the Legislature of 1887. The Boards of Health, of Education and Immigration, by the statute previous to 1887, were required either to be filled from members of the Privy Council, or the officers and members of the Boards were to be appointed by the King in Privy Council. The Legislature passed new Acts changing the methods of appointment, etc., in each of these Boards. See Chapters VI., VII. and VIII. of the Acts of 1887.

We are, therefore, of the opinion that the sections of the statute referred to are inoperative, and would require Legislative action.

Mr. Justice Bickerton is of opinion that where the act is by the statute to be that of the King in Privy Council alone, as in the Auditor-General's appointment, the statute is inoperative, the Constitution having deprived the Privy Council of this power. But where the power to act is vested in the Minister by or with the advice of the Privy Council. the power of the Minister remains, even though the advisory function of the Privy Council be cut off.

Respectfully submitted,

A. F. JUDD,
RICHARD F. BICKERTON,
SANFORD B. DOLE.